104932.001

## IN THE ROSS COUNTY COMMON PLEAS COURT
## ROSS COUNTY, OHIO

BURGAN EXPRESS              :
FOR GENERAL TRADING AND
 CONTRACTING CO             :    Case No. 11   005   000011
#20, KHAITAN COMERCIAL CENTER
KHAITAN, KUWAIT 83808        :

                         :

            Plaintiff,      :

     v.                        :

MARK ANTHONY ATWOOD       :
1131 TREGO CREEK ROAD
CHILLICOTHE OH 45601         :
         AND
WOLFPACK SECURITY SERVICES
1131 TREGO CREEK ROAD
CHILLICOTHE OH 45601

            Defendant

#### **** <u>NOTICE FOREIGN JUDGMENT</u> ****
(O.R.C. 2329.023)

WHEREAS, ON October 1, 2004 A FOREIGN JUDGMENT OBTAINED AGAINST YOU IN THE COURT OF FIRST INSTANCE OF KUWAIT , WAS FILED IN THIS COURT.

EXECUTION MAY ISSUE ON THIS JUDGMENT THIRTY (30) DAYS AFTER THE ABOVE DATE.

_Try D. Hul by T.Wul_
CLERK OF COURTS

LIST NAME AND ADDRESS OF JUDGMENT CREDITOR'S ATTORNEY IN OHIO.

Respectfully Submitted,

BY: _____

Mark J. Sheriff (0019273)
msheriff@wileslaw.com
Attorney for Plaintiff
300 Spruce St., First Floor
Columbus, OH 43215
PH 614/221-5216 FAX 614/221-0624

10493Z.001

IN THE ROSS COUNTY COURT OF COMMON PLEAS COURT OF COMMON PLEAS
ROSS COUNTY, OHIO

BURGAN EXPRESS FOR GENERAL
TRADING AND CONTRACTING CO.
No. 20, Khaitan Commercial Center
Khaitan, Kuwait 83808

:

and

:

MAHMOUD MOHAMMAD
ABBAS HAJIA KHAJAH
No. 2, Street 15, Block 9
Jabriya, Kuwait 46303

:

:

Plaintiffs/Judgment Creditors,

:

v.

:

MARK ANTHONY ATWOOD
1131 Trego Creek Road
Chillicothe, Ohio 45601

:

and

:

WOLFPACK SECURITY SERVICES
1131 Trego Creek Road,
Chillicothe, Ohio 45601

:

Defendants/Judgment Debtors.

Case No.

Judge: *ater*

2011 DEC 14  PM 1:05

FILED
ROSS COUNTY COMMON PLEAS
CLERK OF COURTS
TY D. HINTON

11 OOS 000011

## PRAECIPE TO ISSUE NOTICE OF
## FILING OF FOREIGN JUDGMENT

Plaintiffs, through their attorney, hereby requests the Court to notify the judgment debtors

of the filing of a foreign judgment on behalf of the Plaintiffs in the amount of 5,610,362.154

Kuwaiti Dinars (which at the conversion rate from 12/1/11 is equal to $20,283,304.00 United

States Dollars), plus attorney fees in the amount of 30 Kuwaiti Dinars (which at the conversion

rate from 12/1/11 is equal to $108.39 US Dollars), for a total of $20,283,412.39 United States

Dollars.

Respectfully Submitted,

WILES, BOYLE, BURKHOLDER & BRINGARDNER CO LPA

BY:

Mark J. Sheriff (0019273)
msheriff@wileslaw.com
Attorney for Plaintiff
300 Spruce St., Floor One
Columbus, OH 43215
Ph: 614-221-5216   Fax 614-221-0624

COURT OF COMMON PLEAS

104932.001

IN THE ROSS COUNTY COURT OF COMMON PLEAS 2011 DEC 14 PM 1: 05
ROSS COUNTY, OHIO

FILED
ROSS COUNTY COMMON PLEAS
CLERK OF COURTS
TY D. HINTON

MAHMOUD MOHAMMAD ABBAS
HAJIA KHAJAH, ET. AL,

    Plaintiffs/Judgment Creditors,

    v.

MARK ANTHONY ATWOOD, ET. AL,

    Defendants/Judgment Debtors.

:
:
:   Case No.  110050000011
:           ater
:
:
:
:

## A F F I D A V I T

Mark J. Sheriff, first being duly cautioned and sworn, hereby states that he is the attorney for Plaintiffs/Judgment Creditors, Mahmoud Mohammad Abbas Hajia Khajah (hereinafter "Hajia") and Burgan Express for General Trading aand Contracting Company (hereinafter "Burgan Express"), who obtained a judgment against the Defendants/Judgment Debtors, Mark Anthony Atwood and Wolfpack Security Services in Kuwait, in the amount of 5,610,362.154 Kuwait Dinars, in addition to attorneys fees in the amount of 30 KD. Using the current exchange rate as of 12/1/2011, this judgment amounts to $20,283,304.00 United States Dollars, plus attorneys fees in the amount of $108.39 United States Dollars.

Affiant states that Defendants/Judgment Debtors were subject to both personal and subject matter jurisdiction of the Kuwaiti Courts. Defendants/Judgment Debtors appeared and participated in the litigation giving rise to this judgment. The Kuwaiti Judicial System provided Defendants/Judgment Debtors due process in a similar or equal manner to that of which they would be entitled to in the United States. *See* statement from Kuwaiti attorneys regarding due process, attached hereto as Exhibit "A."

Affiant further says that the last known address for the judgment debtor Mark Anthony Atwood is 1131 Trego Creek Road, Chillicothe, Ohio 45601. Mr. Atwood was born in Chillicothe, Ohio, has numerous family members in Central Ohio, and owns substantial real and personal property in Central Ohio. Further, the last known address for the judgment debtor Wolfpack Security Services is 1131 Trego Creek Road, Chillicothe, Ohio 45601. Additionally, Affiant says that Plaintiff Hajia's address is presently No. 2, Street 15, Block 9, Jabriya, Kuwait 46303. Further, Plaintiff Burgan Express's address is No. 20, Khaitan Commercial Center, Khaitan, Kuwait 83808.

Respectfully submitted,

WILES, BOYLE, BURKHOLDER & BRINGARDNER CO LPA

BY:
Mark J. Sheriff(0019273)
msheriff@wileslaw.com
Attorney for Plaintiff
300 Spruce St., First Floor
Columbus, OH 43215
PH 614/221-5216 FAX 614/221-0624

STATE OF OHIO      )
                   : ss.
COUNTY OF FRANKLIN )

BE IT REMEMBERED that on this 2 day of November 2011, before me, the subscriber, a notary public in and for said county, personally came to the above-named Mark J. Sheriff and acknowledged the signing of the foregoing to be his voluntary act and deed.

IN TESTIMONY whereof I have hereunto subscribed my name and affixed my official seal on the day and year last aforesaid.

CAROL G. ELIFRITZ
Notary Public, State of Ohio
My Commission Expires 06-07-2016





**N=N**

Al Wagayan | Al Awadhi | Al Saif
Attorneys & Legal Consultants

Re: Statement of my involvement as legal counsel for Mr. Mahmoud Mohammad Abbas Hajia and Burgan Express for General Trading & Contracting Co. in the civil proceeding in Kuwait against

My name is NAJEEB AL WAQAYAN, and on behalf of Najeeb Al Waqayan, Nader Al Awadhi and Emad Al Saif and we are Attorneys duly licensed to practice in the State of Kuwait. I am a member of the firm of AL Wagayan, Al Awadhi, Al Saif

I submit this present Statement for all legal purposes, and particularly, in support of the efforts of Petitioners, Mr. Mahmoud Mohammad Abbas Hajia, Burgan Express for General Trading & Contracting Co., to have the Final Judgment issued by the Court of Appeals of Kuwait (Case No. 329/2009 Commercial/3), entered on June 14, 2010 against Mr. Mark Anthony Atwood, and his Company, Wolfpack Security Services recognized and enforced in the United States.

Undersigned and our office began representing Mr. Mahmoud Mohammad Abbas Hajia, and his company, Burgan Express for General Trading & Contracting in the year 2005.

As attorneys for Hajia and Burgan Express, our firm filed two civil actions in the Court of First Instance of Kuwait with respect to a dispute for a dispute which arose between the clients and Mr. Mark Anthony Atwood and his company, Wolfpack Security Services stemming from their Joint Venture Agreement entered into on June 16, 2004.

In the first civil action - Case No. 4270/2005 – submitted to the Clerk of the Court of First Instance on November 9, 2005, we Petitioned the Court to enter a order appointing an Expert Committee (a group of specialists nominated by the Ministry of Justice to act as Court experts) which would review the Partnership accounts and would render to the Judge an opinion as to the Partners' respective entitlements and liabilities pursuant to the terms of their Joint Venture Agreement.

In the second civil action submitted against the Defendants on November 12, 2006 (Case No. 4284/2005), we sought the appointment of an Expert Committee to confirm the

A





Al Wagayan · Al Awadhi · Al Saif
Attorneys & Legal Consultants

existence of a valid Joint Agreement and to determine the amount of damages that were due our clients from the Defendants as a result of the breach of said Agreement.

Mr. Atwood and his company Wolfpack vigorously defended themselves through counsel of their choice, Mr. Ahmad Ghazi Al-Otaibi, who filed appearances and responsive pleadings in both causes, as well as detailed brief and memoranda of law in support of his clients' defenses. Specifically, Mr. Atwood filed pleading in his defense which he submitted at hearings before the Court of Appeals scheduled on Oct. 10, 2006, March 31, 2006, and May 15, 2006.

On December 31, 2008 the Court of First Instance of Kuwait issued a Judgment in favor of the Plaintiffs in which it ordered the Defendants to pay in damages the sum of 4,345,774.358 Kuwaiti Dinars (Cases Nos. 4270/2005 & 4284/2005). In its decision, the Court confirmed the existence and validity of the Joint Venture Agreement between the Parties, thereby rejected the Defendant's allegations that the Venture was null and void. On Jan. 26, 2009 Plaintiffs, Mahmoud Mohammed Abbas Hajia and Burgan Express for General Trading & Contracting filed a Petition for Appeal before the Third Circuit of the Commercial Division of the High Court of Appeal of Kuwait against the ruling of the Court of First Instance seeking to have the amount of the award increased (Case No. 327/2009 Commercial/3).

The Defendant, Mark Atwood was served a copy of the Petition for Appeal on February 2nd, 2009 at 09:23 a.m. through his attorney of record who received a copy of the Petition for Appeal.

The first hearing in the Appellate proceeding was held on March 1, 2009. In their Petition, Plaintiffs Hajia and Burgan Express objected that the Court of First Instance had committed a reversible error by awarding a sum which was inferior to that which they were entitled to, based on the evidence.

The High Court of Appeals nominated yet another Expert Committee for the purpose of evaluating the Petitioners' claims.

On June 14, 2010 the High Court of Appeal entered a Final Judgment (Case No. 329/2009 Commercial/3) awarding the Plaintiff the sum of five million six hundred and ten thousand, three hundred and sixty one KD and 154 Fills (5,610,362.154 KD).

Fahad Al-salem Street
Suad Commercial Complex, 9-10th Floor
P.O Box: 22835, Safat 13089 Kuwait
Phone: 22407040, 22472317

Exhibit A, Page 7 of 29



To date said decision has not been appealed to the Supreme Court, the third and last and final stage of judicial proceedings in Kuwait. In accordance to Art. 153 of the Civil and Commercial Pleadings Law No. 38 of 1980, the time limit to seek cassation High Court of Appeal decision before the Supreme Court of the State of Kuwait is 30 days. Thus, pursuant to applicable procedural law, the decision of the High Court of Justice against Mark Atwood and Wolpack Security Services said judgment is by now final and conclusive.

Respectfully submitted on this 01 day of May 2011.

Mr. Najeeb Al Wogayan

State of Kuwait

A07835208
Half Dinar



LEGALIZED BY KUWAITY LAWYER SOCIETY

LAWYER *Najeeb Al Wogayan*

............................. SOCIETY MEMBER

WITHOUT ANY RESPONSIBILITY AGAINST OTHERS

DATE 3 / 5 / 2011





Kuwait Bar Association

Lawyer NASER H. ALKRAWEEN
Security Manager

Fahad Al-salem Street
Suad Commercial Complex, 9-10th floor
P.O Box: 22835. Safat 13089 Kuwait
Phone: 22407040, 22473517
Fax: 22407030, 22472316



Falcon Center For Translation & ...
SCIENTIFIC CONSULTATIONS, ORGANIZATION...

مـركــز فـالكــون الـتـرجمـة والطبـاعـة
استـشـارات علمـيـة – تنـظيم مؤتـمـ...

COURT OF COMMON PLEAS

2011 DEC 14 PM 1: 06

FILED
ROSS COUNTY COMMON PLEAS
CLERK OF COURTS
TY D. HINTON     (2)

( Translation )

Ministry of Justice
Administrative Affairs
Translation Section
The papers translated by Sal-CO the
officially accredited office at the Ministry
of Information are certified without any
liability concerning the accuracy of the
translation or the document.
Head of Section
Date

**Ministry of Justice**
**Court of Cassation**

No.: L00000552  **PCI109**
Date: May 19, 2011
Page No.: 1

JDPX174

## Certificate of Non-filing of Cassation Petition

Having perused the records of Court of Cassation, it is found that the appeal judgment on Lawsuit No. 327/09, Commercial / 3, entered on June 14, 2010

On the lawsuit filed by:

- Burgan Express for General Trading and Contracting Company
- Mahmoud Mohammad Abbas Hajia Khajah, owner of Burgan Trading Est.

Against:

Mark Anthony Atwood in his personal capacity and in his capacity as the owner of Wolfpack Security Services.

No cassation petition is filed for the above mentioned appeal judgment up to July 14, 2010

This certificate is given to the appellant upon his request.

Roll Clerk

*For Director, Court of Cassation Clerks Department*

*Signed/ Sealed*

FALCON
اســـمـاء قـدومــي
ترجمـة معتمـدة

H.O.: Kuwait - Al-Salhiya - Al-Majarah Comm Center - Tel.: 22430301 - Fax: 22430302
Branch: (1) Salwa Co-Op. - Typing & Copying Branch - Telefax: 25638338
P.O.Box: 4141 Safat - Code 13042 Kuwait - C.R. 33172
برقلن اكسبرس 9540
E-mail: falcon_translation@yahoo.com

المكتب الرئيسي: الكويت - الصالحية - مركز المجرة التجاري - تلفون: ٢٢٤٣٠٣٠١ - ٢٢٤٣٠٣٠٢ - فاكس: ٢٢٤٣٠٣٠٢
الفرع: (١) جمعية سلوى - ج (٨) - فرع ترجمة وطباعة وتصوير - تلفاكس: ٢٥٦٣٨٣٣٨
ص.ب: ٤١٤١ - الصفاة - الرمز البريدي ١٣٠٤٢ الكويت - السجل التجاري: ٣٣١٧٢



I, Russell Westergard, CONSUL
OF THE UNITED STATES OF AMERICA
AT KUWAIT, DULY COMMISSIONED AND
QUALIFIED, DO HEREBY CERTIFY THAT
Abdullah A. Alhussaini WHOSE
SIGNATURE AND OFFICIAL SEAL ARE
RESPECTIVELY SUBSCRIBED AND AFFIXED
TO THE ANNEXED DOCUMENT, WAS AT
THE TIME OF SIGNING Ministry
of Foreign Affairs
------OF THE AUTHENTICATING OFFICER
MINISTRY OF FOREIGN AFFAIRS, KUWAIT
TO WHOSE OFFICIAL ACTS FAITH AND
CREDIT ARE DUE.

SIGNATURE OF _____
DATED AT KUWAIT _____ KUWAIT
ON _____22 MAY 2011_____

عبدالله عايش الحسيني

**Russell Westergard**
Consul of The





** PDX109 **
L000000552

الـرقــم :
التاريـخ : 2011-05-19
رقم الصفحة : 1

محكمـــــة التمييـــز

JDPX174

شهـــــــادة
عـدم حصـول طعن بالتمييـز

بعد الاطلاع على سجلات محكمة التمييـز تبين أن الحكم الاستئنافي

رقم 09/327 تجارى 3/ الصادر بتاريخ 2010-06-14

فـي القضيـــة المرفوعـة مـن :

- شركه برقـان اكسبـرس للـتجاره العامـه والعقـاولات

- محمود محمد عباس حاجيه خاجه صاحب مؤسسه برقـان للـتجا

ضــــــــــــد

- مـارك انتـونى انتـرود عن نفسـه وبصفته صاحب مؤسسه
ولغبـاك سيكورتى سيرفيس

لـم يرفع عنه طعن بالتمييـز وذلك لغايـة يوم 2010-07-14

وقد اعطيت هذه الشهادة / المستأنف

بناء على طلبه .

كاتب الجدول

مـديـــر
ادارة كتاب محكمة التمي
الاستعلام القضائي - عاصمة
البازي المري



State of Kuwait
A07820551
Half Dinar


FALCON

مجمع الوزارات - ص.ب 6 الصفاة -الرمز البريد 13 الكويت تلفون 22480000 - الموقع الإلكتروني www.moj.gov.kw
الطابق 1883300 محاكم الأحمدي 188220 محاكم الرقعي 1881110 - محاكم حولي 22650713

Exhibit A, Page 11 of 29

Falcon Center For Translation & Typing مركز فالكون للترجمة والطباعة

SCIENTIFIC CONSULTATIONS, ORGANIZING CONFERENCES استشارات علمية – تنظيم مؤتمرات

( Translation )

In the Name of Allah Most Gracious and Most Merciful
In the Name of His Highness The Amir of the State of Kuwait
Sheikh Sabah Al-Ahmed Al-Jaber al-Sabah

### Court of Appeal
Circuit: 3ʳᵈ, Commercial

In the hearing held in open Court on 2 Rajab 1431 AH, corresponding to June 14, 2010 AD.

Under the headship of Judge Adel Ali Al-Baho, Court Undersecretary,

And the participation of

Counselor Mustafa Hasan Ali, and Counselor Ali Maher Mohamad

And the participation of Secretary of Session, Mr. Bassam Salman Al-Shahin

The following decision was entered

In the Appeal raised by:
1) Burgan Express for General Trading and Contracting Company
2) Mahmoud Mohammad Abbas Hajia Khajah, owner of Burgan Trading Est.

Against

Mark Anthony Atwood, in his personal capacity and his capacity as the owner of Wolfpack Security Services

Registered in table N.: 327/2009/Commercial/3

H.O.: Kuwait - Al-Sathiya - Al-Majarah Comm Center - Tel: 22430301 - Fax: 22430302
Branch: (1) Salwa Co-Op. - Typing & Copying Branch - Telefax: 25638338
P.O.Box: 4141 Safat - Code 13042 Kuwait - C.R. 33172

E-mail: falcon_translation@yahoo.com

1



**Falcon Center For Translation & Typing**
SCIENTIFIC CONSULTATIONS. ORGANIZING CONFERENCES

مركز فالكون للترجمة والطباعة
استشارات علمية – تنظيم مؤتمرات



## The Court

**After a hearing in this cause and reviewing the arguments and documentation.**

Whereas the appealed decision reviewed in detail the arguments in dispute, this Court does not need to go over once again the evidence and documents raised as a defense, and so the Court relies on the decision issued in the hearing of September 13, 2009 which summarizes the arguments and issues on appeal which the Court relies on as part of its consideration for rendering its decision. In summarizing the arguments that were raised by the First Appellant (formally, Burgan Express Establishment) against the Defendant in the case N. 4270 filed in the year 2005, commercial, the Appellant sued requesting that an Expert Committee be appointed for the purpose of determining what equipment, machinery, means of transportation, refrigeration units, generators, heavy equipment and vehicles were furnished to the Defendant, as well as determining the value of these items and their spare parts in order to establish the amount paid by the claimant for them from the inception of their dealing, and for the purposes of determining what capital and profits were generated during the venture, and thus, so as to compel the Defendant to pay any amount determined by the Expert Report to the Second Appellant, since he was the owner of Burgan Express Trading Establishment prior to it becoming a Company when he reached an agreement with Defendant on June 16, 2004 to pay the costs of equipments, machinery, and generator for the purpose of executing agreements with the United States Military to be performed by the Defendant in consideration for the agreement that the profits would be shared on the basis of 51% for the Claimant and 49 % for the Defendant, because he is not a

H.O.: Kuwait - Al-Salhiya - Al-Majarah Comm Center - Tel.: 22430301 - Fax: 22430302
Branch: (1) Salwa Co-Op. - Typing & Copying Branch - Telefax: 25638338
P.O.Box: 4141 Safat - Code 13042 Kuwait - C.R. 33172
E-mail: falcon_translation@yahoo.com

الكويت - الصالحية - مركز المجرة التجاري - تلفون: ٢٢٤٣٠٣٠١ - فاكس: ٢٢٤٣٠٣٠٢
جمعية سلوى - ق(٨) - فرع ترجمة وطباعة وتصوير - تلفاكس: ٢٥٦٣٨٣٣٨
ص.ب: ٤١٤١ الصفاة - الرمز البريدي ١٣٠٤٢ الكويت - السجل التجاري ٣٣١٧٢

2



Falcon Center For Translation & Typing

SCIENTIFIC CONSULTATIONS, ORGANIZING CONFERENCES

FALCON

مركز فالكون للترجمة والطباعة

استشارات علمية – تنظيم مؤتمرات

Kuwait, and in view of the fact that Claimant fully performed his obligations in accordance to the terms of the Venture, thereby achieving huge profits. Moreover, the Defendant did not pay him his portion of the profits generated by the project, and published a business announcement in the newspapers declaring that he had severed his relationship with the claimant Company. The claim is as outlined above, and the Second Appellant, in his capacity as owner of the subject Enterprise, Case No. 4284/2005 – Commercial, filed his initial claim in the Court of First Instance against the Defendant seeking a decision confirming the existence of a Joint Venture (the terms and details of which are cited in the beginning of this Petition) between him and the Defendant and the consequences resulting there from, and requesting that a Court Appointed Expert be nominated for the purpose of determining what contracts were executed between the Defendant and the US Army, together with their value and the value of what Appellant paid to finance these contracts, and the amount he paid for expenses, and his entitlement to his share of the profits commencing from July 1, 2004 up to the time the Expert Report is submitted, together with any additional entitlements since then until the day of judgment and the resolution between the Parties of the Claim in order to compel the defendant to comply with what has been determined by the Report. The Appellant based his claim on the Agreement with the Defendant of July 1, 2004 to form a Partnership for the Joint Venture in order to carry out the works mentioned the first claim which are to be performed in the name of Wolfback Security Services, owned by the Defendant in the USA, by virtue of the fact that the

Defendant has refused to pay the outstanding amounts due claimant by failing to pay him his share of the profits, as alleged in the Claim. The Court Appointed Committee submitted its report on Jan. 24, 2007 wherein it concluded that the

H.O.: Kuwait -Al-Salhiya - Al-Majarah Comm Center - Tel.: 22430301 - Fax: 22430302
Branch: (1) Salwa Co-Op. - Typing & Copying Branch - Telefax: 25638338
P.O.Box: 4141 Safat - Code 13042 Kuwait - C.R. 33172

E-mail: falcon_translation@yahoo.com

3

المكتب الرئيسي : الكويت - الصالحية - مركز الجرة التجاري - تلفون : ٢٢٤٣٠٣٠١ - فاكس : ٢٢٤٣٠٣٠٢
الفرع (١) جمعية سلوى - ق (٨) - فرع ترجمة وطباعة وتصوير - تلفاكس : ٢٥٦٣٨٣٣٨
ص . ب . ٤١٤١ الصفاة - الرمز البريدي ١٣٠٤٢ الكويت - السجل التجاري ٣٣١٧٢

Exhibit A, Page 14 of 29

**Falcon Center For Translation & Typing**

SCIENTIFIC CONSULTATIONS. ORGANIZING CONFERENCES



مركز فالكون للترجمة والطباعة

استشـارات علمـية – تـنظيم مؤتـمـرات

FALCON

Parties were bound by a Joint Venture Agreement with no incorporation deed executed and that the Claimant's share of the profits up to December 31, 2006 is three million five hundred sixteen thousand five hundred twenty nine Kuwaiti Dinars, and a total amount due of six million six hundred and seventy seven thousand two hundred and fifty seven Kuwaiti Dinars and 358 Fills., and the Court joined the two Claims requested by the Claimant: <u>The first</u>, that the existence of the Joint Venture between Burgan Express General Trading and Contracting Company and the Defendant effective from July 1, 2004 be confirmed; <u>The second</u>, that the Defendant be compelled to pay the above-cited company six million six hundred seventy seven thousand two hundred and fifty seven Kuwaiti Dinars and 358 Fills, together with 7% legal interest from October 1, 2004 until full satisfaction of the Claim.

Since the Defendant filed objections to the Report, the Court remanded the Claim to the Expert Department for the purpose of appointing a second Expert Committed which was different from the first one to evaluate said objections. The Committee submitted a report wherein it concluded that the net amounts due to the Plaintiff company were one million nine hundred and seventy four thousand and eight hundred and seventy two Kuwaiti Dinars and three hundred and fifty eight fills up to November 27, 2005, whereas it was not able to establish what additional monies were due. In the hearing of December 31, 2008 the Court reached a decision with respect to the two claims awarding the Claimant company the sum of four million three hundred and forty five thousand seven hundred and seventy four Kuwaiti Dinars and 385 Fills, and denied the Claimant's request for interest. In its decision the Court noted that the existence of the Joint Venture Agreement between the Parties had been proven, and rejected the Defendant's allegations that the Joint Venture was invalid.

H.O.: Kuwait -Al-Salhiya - Al-Majarah Comm Center - Tel.: 22430301 - Fax: 22430302
Branch: (1) Salwa Co-Op. - Typing & Copying Branch - Telefax: 25638338
P.O.Box: 4141 Safat - Code 13042 Kuwait - C.R. 33172

4

المجلس ... الكويت - الصالحية - مركز الجرة التجاري - تلفون ٢٢٤٣٠٣٠١ - فاكس ٢٢٤٣٠٣٠٢
الفرع (١) جمعية سلوى - ق(٨) - فرع ترجمة وطباعة وتصوير - تلفاكس ٢٥٦٣٨٣٣٨
الصفاة - الرمز البريدي ١٣٠٤٢ الكويت - السجل التجاري ٣٣١٧٢

E-mail: falcon_translation@yahoo.com



Whereas the Claimant Company, and Mahmoud Mohammad Abbas Hajia Khajah (owner of Burgan Trading Establishment) appealed the Judgment with this present Appeal, seeking a decision which would compel the Appellee to pay to the company 6,677,257.358 KD, along with 7% interest on the amount due from October 1, 2004 until the claim was fully satisfied, and seeking on a temporary basis, to have the claim remanded to the Expert Department for the appointment of a different Committee from the last one to evaluate the objections proffered before the Court of First Instance, as well as those contained in the Petition for Appeal pursuant to the documentary evidence submitted before the Expert Committee in the hearing held on January 7, 2008 for the purpose of settling the account between the two Parties from July 1, 2004 until the submission of the report which was rendered on the basis of two findings: First, that a valid commercial relationship existed between the Parties which, in accordance to Articles 110, 111, and 113 of the Commercial Law, entitles Appellants the right to claim interest; Second, that they filed documents in support of their claims which indicate that the Report determined amounts due which were inferior to those which Appellants were entitled to, as reflected in said documents;

Whereas the Court issued the cited Judgment on the basis of the foregoing findings accepting the procedural grounds for appeal, it granted the request to return the documentary evidence to the Expert Department in order to evaluated the exceptions contained in the Appeal with respect to the Reports of the last two Committees in order to liquidate the accounts which existed between the two Parties until the submission of the Report so as to determine what Burgan Trading Establishment was entitled to. Whereas pursuant to its assignment the appointed Committee submitted its report on December 20, 2009 wherein it concluded based on the liquidation of the accounts between the Parties on the basis

H.O.: Kuwait - Al-Salhiya - Al-Majarah Comm Center - Tel.: 22430301 - Fax: 22430302
Branch: (1) Salwa Co-Op. - Typing & Copying Branch - Telefax: 25638338
P.O.Box: 4141 Safat - Code 13042 Kuwait - C.R. 33172

5

E-mail: falcon_translation@yahoo.com

Exhibit A, Page 16 of 29

Falcon Center For Translation & Typing  مركز فالكون للترجمة والطباعة

SCIENTIFIC CONSULTATIONS. ORGANIZING CONFERENCES          استشارات علمية – تنظيم مؤتمرات

FALCON

documents submitted to the Court of First Instance in the hearing of Jan. 7, 2008, the amounts due and owing to the Appellant for the profits and the capital invested since the commencement of business on July 1, 2004 until submission of the report on Dec. 30, 2009 is 5,610,361.154 KD, and found that Burgan For General Trading and Contracting Est. is still in existence in accordance to the license submitted by Appellants;

Whereas it was found that the Appellee received notice (sent to the address of his attorney) on May 16, 2010 of the submission of the Report, and in the hearing of June 7, 2010 the Attorney for the First Appellant appeared as well as the Second Appellant in person and they agreed with the Conclusions of the Committee, whereas the Appellee did not appear despite proper notice, and thus, the Court decided to issue its Judgment in today's hearing;

Whereas in the hearing held of September 13, 2009 this Circuit accepted the procedural grounds for appeal;

Whereas with regard to the merits of the Claim, it is found that the Experts' opinion is one of the elements which proves the Claim which the Court may base its decision upon to the extent that it is satisfied with the Report and that it is supported by the evidence submitted by in support of the Claim.

Whereas, it was evident from a review of the Report which was submitted by the last Expert Committee on December 20, 2009 that the Committee – as reflected in the Report on page 7 through to the beginning of page 10 – that it had reviewed the objections of the Appellants in light of the documentary evidence submitted in the claim in order to reach the conclusions which the Court previously referred to;

H.O.: Kuwait -Al-Salhiya - Al-Majarah Comm Center - Tel.: 22430301 - Fax: 22430302
Branch: (1) Salwa Co-Op. - Typing & Copying Branch - Telefax: 25638338
P.O.Box: 4141 Safat - Code 13042 Kuwait - C.R. 33172
E-mail: falcon_translation@yahoo.com

6

المكتب الرئيسي: الكويت - الصالحية - مركز الجرة التجاري - تلفون: ٢٢٤٣٠٣٠١ - فاكس: ٢٢٤٣٠٣٠٢
الفرع: (١) جمعية سلوى - ق (٨) - فرع ترجمة وطباعة وتصوير - تلفاكس: ٢٥٦٣٨٣٣٨
ص.ب: ٤١٤١ - الصفاة - الرمز البريدي ١٣٠٤٢ الكويت - السجل التجاري ٣٣١٧٢

Whereas the Committee rendered its findings on the basis of the documents in support of the claim, the Court accepts its findings and incorporates them by reference in the Judgment despite the fact that the Appellee never appeared either personally or through counsel, even though he was notified on May 16, 2010 (at the address reflected on the Petition for Appeal of February 2, 2009);

Whereas in their closing arguments submitted in the hearing June 7, 2010 the Appellants approved the Report;

Whereas the appealed decision identified the basis for compelling in its judgment the Appellee to pay the awarded amount which this Court refers to in this cause as a basis for its decision, while amending the decision with respect to the amount due in view of the conclusion of the latest Report of the Expert Committee;

Whereas in consideration expenses, including Attorneys fees that the Appellee shall incur pursuant to Articles 119, subparagraph (1), 120 and 147 of the Rules of Procedure

## FOR THESE REASON

**The Court rules: As to the grounds for Appeal to amend the appealed decision, thereby ordering the Appellee to pay to First Appellant Company the sum of five million six hundred and ten thousand three hundred and sixty one Kuwait Dinars and 154 Fills, and obliged him to pay expenses and 30 Kuwait Dinars for attorneys fees.**

**Secretary of Session**

Ministry of Information
Administrative Affairs Dpt
Translation Section
The papers Translated by Falcoun the officially accredited office at the Ministry of Information are certified without any liability concerning the accuracy of the translation or the document.
Head of Section :
Date :

**Head of Directorate**

H.O.: Kuwait -Al-Salhiya - Al-Majarah Comm Center - Tel.: 22430301 - Fax: 22430302
Branch: (I) Salwa Co-Op. - Typing & Copying Branch - Telefax: 25638338
P.O.Box: 4141 Safat - Code 13042 Kuwait - C.R. 33172
E-mail: falcon_translation@yahoo.com

7



I, Russell Westergard, Consul
OF THE UNITED STATES OF AMERICA
AT KUWAIT, DULY COMMISSIONED AND
QUALIFIED, DO HEREBY CERTIFY THAT
Fehad Q Al Qadfan whose
SIGNATURE AND OFFICIAL SEAL ARE
RESPECTIVELY SUBSCRIBED AND AFFIXED
TO THE ANNEXED INSTRUMENT WAS AT
THE TIME OF SIGNING Ministry
of Foreign Affairs
OF THE ABOVE MENTIONED SECTIONS
MINISTRY OF FOREIGN AFFAIRS, EMPART
TO WHICH OFFICIAL ACTS FAITH AND
CREDIT ARE DUE, BOTH IN COURT, THAT THE
SIGNATURE IS OFFICIAL AND GENUINE.
DATED AT KUWAIT, STATE OF KUWAIT
ON ___22 MAY 2011___



دولة الكويت
وزارة العدل – ادارة التوثيق

أصادق أنا /
التوثيق – ادارة التوثيق
ان تحمل وزارة العدل
سجلت برقم
تاريخ ١٧/ ٥ /٢٠١١ يسجل التصديق على صحة الرقعة

Russell Westergard
Consul of The
United States Of America

وزارة العدل - ادارة التوثيق
الرقعة
سارة سعود الفراج

ة الخارجية – الإدارة القنصلية
أدنى على صحة وتوقيع وختم
وزارة العدل

18 MAY 2011

بسم الله الرحمن الرحيم

باسم صاحب السمو أمير الكويت

الشيخ صباح الأحمد الجابر الصباح

محكمة الاستئناف

الدائرة : التجارية الثالثة

بالجلسة المنعقدة علنا بالمحكمة بتاريخ ٢ رجب ١٤٣١هـ الموافق ٢٠١٠م.

برئاسة الأستاذ المستشار / عادل على البحوه            وكيل المحكمة

وعضوية الأستاذين

المستشار/ **مصطفي حسن على**   و   المستشار/ على ماهر محمد

وحضور السيد / بسام سلمان الشاهين            أمين سر الجلسة

صدر الحكم الآتي

في الاستئناف المرفوع من :

١) شركة برقان إكسبرس للتجارة العامة والمقاولات.

٢) محمود محمد عباس حاجيه خاجه صاحب مؤسسة برقان للتجارة.

ضـــــــــد

\* مارك انتوني أتوود عن نفسه وبصفته صاحب مؤسسة صــاحب مؤســسة والهبــاك ســيكورتي سيرفس.

والمقيد بالجدول برقم : ٣٢٧ /٢٠٠٩ تجاري/٣

تابع الحكم الصادر في الاستئناف رقم : ٢٢٧/٢٠٠٩ تجاري/٣

## المحكمــة

**بعد سماع المرافعة والاطلاع على الأوراق والمداولة .**

حيـث أن الحكـم المسـتأنف ، عـرض وبتفصيل يغنـي عـن التكـرار ، لوقائـع النزاع ومـا قـدم مـن مسـتندات وأثيـر مـن دفـاع ، كمـا أوجـز حكـم هـذه المحكمـة الصـادر بجلسة ٢٠٠٩/٩/١٣ الوقـائع والمسـتندات ، فتحيل إليهمـا المحكمـة ، معتبـره أسـبابهما ، فيمـا سـلف بحـكم أسـباب قضائها هـذا .... بيـد أنهـا تـوجز الوقـائع فـي أن المستأنفة الأولـى (باعتبارهـا مؤسسة برقـان إكسبريس سـابقاً) أقامـت على المسـتأنف ضـده الدعوى ٤٢٧٠لسـنة ٢٠٠٥ تجـاري لنـدب خبيـر لحـصر وتحديـد المعـدات والآليـات ووسـائل النقـل والمبـردات والمولـدات والمعـدات الثقيلـة والسيارات التـي سـلمتها للمدعى عليـه وتحديد قيمتهـا وحـصر قطـع غيـار المعـدات وتحديـد المـصروفات التـي أنفقتهـا المدعيـة والمؤسـسة علـى المشروع من بدايـة التعامـل وتحديد قيمة رأس المال والأرباح التـي حققهـا هذا التعامـل لتحديـد المبـالـغ المسـتحقة لهـا وإلـزام المـدعى بمـا يسـفر عنـه تقريـر الخبيـر بقالـة أن المسـتأنف الثـاني – كـان صـاحباً لمؤسـسة برقـان إكسبريس للتجـارة – قبـل أن تـصبح شركة وفـي ٢٠٠٤/٦/١٦ اتفـق مـع المدعى عليـه أن يـدفع قيمـة معـدات وآليـات ومولـدات لتنفيـذ العقـود المبرمـة مع الجيـش الأمريكـي ويتـولي المـدعى عليـه التعاقـد مـع هـذا الجيـش مقابـل نـسبة ٥١% مـن الأربـاح للمدعى ونـسبة ٤٩% للمـدعى عليـه كونـه غيـر كـويتي ... وإذ نفـذ المـدعى التزامـاتـه وحقـق المـشروع أربـاحـاً طائلـة ... ولم يوافيـه المـدعى عليـه بمـا حقـق المـشروع مـن أربـاح وأعلـن بالجرائـد عـن قطـع علاقتـه بـشركة المـدعى .... كانـت الـدعوى بمـا سـبق ... كمـا

٢

Exhibit A, Page 21 of 29

تابع الحكم الصادر في الاستئناف رقم : ٢٢٧/٢٠٠٩ تجاري/٣

أقـام المسـتأنف الثـاني – بـصفته صـاحب المؤسسـة سـالفة الـذكر الـدعوى ٤٢٨٤ لـسنة ٢٠٠٥ تجـاري كلـي علـى المـدعى عليـه فـي الـدعوى الأولـى للحكـم بثبـوت شـركة المحاصـة (الموضحـة المعـالم والبيـان بـصدر الصحيفة) بينه وبين المـدعى عليـه ومـا يترتـب علـى ذلـك مـن أثـار وبنـدب خبيـر لبيـان العقـود التـي أبرمهـا المـدعى عليـه مـع المـدعي وقيمتها وما تـم سـداده إليـه والبـاقي منهـا ومـا دفعـه المـدعي مـن قيمـة العقـود ومـا أنفقـه مـن مـصروفات ونـصيبه مـن أربـاح الـشركة مـن أول يوليـو لـسنة ٢٠٠٤ حتـى إيـداع التقريـر ومـا يسـتجد حتـى الفـصل فـي الـدعوى وتـصفيه الحـساب بـين الطـرفين لإلـزام المـدعى عليـه بمـا يسـفر عنـه التقريـر ، وأسـس دعـواه علـى أن اتفـق مـع المـدعى عليـه فـي أول يوليـو ٢٠٠٤ علـى تكـوين شـركة محاصـة لتنفيـذ ذات الأعمـال الـواردة بالـدعوى الأولـي ويـتم التعامـل باسـم مؤسسـة ولقبـاك سـكيورتي سـيرفس المملوكـة للمـدعى عليـه بالولايـات المتحـدة الأمريكيـة ... وإذ أعـرض المدعى عليه عـن رد بـاقي المبـالغ التـي دفعهـا المـدعي ، ولـم يـؤد نـصيبه مـن الأربـاح كانـت الـدعوى بمـا سـبق – وأودعـت اللجنـة التـي نـدبتها المحكمـة تقريـراً فـي ٢٠٠٧/١/٢٤ خلـصت فـي نهايتـه الـى أن طرفـي التـداعي تربطهمـا شـركة محاصـة لـم يحـرر بـشأنها عقـد مكتـوب – وأن نـصيب المـدعى مـن الأربـاح حتـى ٢٠٠٦/١٢/٣١ ثلاثـة ملايـين وخمسمائة وسـتة عـشر ألفـاً وخمـسمائة وتـسعة وعـشرون دينـاراً ومجمـوع المستحق له قبـل المـدعى عليـه سـتة مليـون وسـتمائة وسـبعة وسـبعون ألفـاً ومائتـان وسـبعة وخمـسون دينـاراً وثلاثمائـة ثمانيـة وخمـسون فلـساً ... وضـمت المحكمـة الـدعويين سـددا المـدعي طلباتـه بــ أولاً: ثبـوت شـركة

٣

Exhibit A, Page 22 of 29

تابع الحكم الصادر في الاستئناف رقم : ٢٠٠٩/٣٢٧ تجاري/٣

المحاصة بين شركان إكسبرس للتجارة العامة والمقاولات والمدعى عليه من أول يوليو سنة ٢٠٠٤ ثانياً: بإلزام المدعى عليه بأن يؤدي للشركة المذكورة ستة ملايين وستمائة سبعة وسبعين ألفاً ومائتين سبعة وخمسين ديناراً وثلاثمائة ثمانية وخمسين فلساً وذلك بالفوائد القانونية بواقع ٧% من ٢٠٠٤/١٠/١ حتى تمام السداد ... وإذ أعترض المدعى عليه على التقرير أعادت المحكمة الدعوى لإدارة الخبراء لانتداب لجنة مغايرة للأولى لبحث هذه الاعتراضات ... وأودعت تقريراً انتهت فيه الى أن صافي المستحق للشركة المدعية مليون وتسعمائة أربعة وسبعون ألفاً وثمانمائة إثنان وسبعون ديناراً وثلاثمائة ثمانية وخمسون فلساً حتى ٢٠٠٥/١١/٢٧ ... وإنه تعذر تحديد مستحقاتها فيما عدا ذلك ... وبجلسة ٢٠٠٨/١٢/٣١ قضت المحكمة في موضوع الدعويين بإلزام المدعى عليه بأن يؤدي للشركة المدعية أربعة ملايين وثلاثمائة خمسة وأربعين ألفاً وسبعمائة أربعة وسبعين ديناراً وثلاثمائة ثمانية وخمسين فلساً ورفضت طلب الفوائد ... وأوردت بمدونات حكمها إثبات قيام شركة المحاصة بين طرفي التداعي ورفض الدفع الذي أبداه المدعى عليه ببطلان اتفاق الطرفين على قيام شركة المحاصة بينهما.

وحيث أن الشركة المدعية ومحمود محمد عباس حاجيه خاجه (صاحب مؤسسة برقان للتجارة طعناً على هذا الحكم بالاستئناف الراهن ناشدين الحكم بإلزام المستأنف ضده بأن يؤدي للشركة ٦٦٧٧٢٥٧،٣٥٨ ديناراً والفوائد بواقع ٧% على المبلغ المطالب به من ٢٠٠٤/١٠/١ وحتى تمام السداد ... واحتياطياً: بإعادة الدعوى لإدارة الخبراء – لندب لجنة مغايرة للجنة الأخيرة لبحث الاعتراضات المبداه

٤

تابع الحكم الصادر في الاستئناف رقم : ٣٢٧/٢٠٠٩ تجاري/٣

أمـام محكمـة أول درجـة وبـصحيفة الاستـئناف علـى ضـوء المستندات المقدمـة أمـام لجنـة الخبـراء بجلسة ٢٠٠٨/١/٧ وتـصفيه الحـساب بـين الطـرفين منـذ ٢٠٠٤/٧/١ وحتـى إيـداع التقريـر وأبـدت سـببين مفاد أولهما أن علاقـة الطـرفين تجاريـة تنـشئ للمـستأنفين فـي طلـب الفوائد عمـلاً بالمواد ١١٠ ، ١١١ ، ١١٣ مـن قـانون التجـارة وفحـوى الـسبب الثـاني أنهمـا قـدما المستندات الدالـة على طلباتهمـا وقـدر لهمـا التقرير مبالغ دون ما ورد بهذه المستندات ، والمستحق لهما.

وحيـث أن المحكمـة أصدرت حكمهـا المشار إليـه بـصدر هـذه الأسباب ، بقبـول الاستـئناف شكلاً وبإعـادة الأوراق لإدارة الخبـراء لبحـث اعتراضـات المـستأنفة علـى تقريـري اللجنـة الـسابقين وصـولاً لتـصفيه الحـساب بـين الطـرفين حتـى إيـداع التقرير وبيـان مـآل مؤسسة برقـان للتجـارة ... ولمـا فُرغـت اللجنـة المنتدبـة مـن هـذه المأموريـة ، أودعـت تقريـراً فـي ٢٠٠٩/١٢/٢٠ ذيلتـه بنتيجـة مـضمونها أنـه بتـصفية الحـساب بـين الطـرفين علـى ضـوء المـستندات المقدمـة لمحكمـة أول درجة بجلسة ٢٠٠٨/١/٧ يكـون المـستحق للمـستأنف مـن رأس المـال والأربـاح منـذ بدايـة النـشاط فـي ٢٠٠٤/٧/١ حتـى إيـداع التقريـر فـي ٢٠٠٩/١٢/٣٠ – ٥٦١٠٣٦١,١٥٤ دينـــاراً ... وأن مؤسسة برقـان للتجارة العامـة والمقـاولات ، طبقـاً للتـرخيص المقـدم مـن المـستأنفين لـم تـزل قائمـة – وإذ أخطـر المـستأنف ضـده (علـى عنـوان وكيلـه) فـي ٢٠١٠/٥/١٦ بإيـداع التقريـر ... وبجلـسة ٢٠١٠/٦/٧ حـضر وكيـل المـستأنفة الأولـى والمستأنف الثـاني بشخصه ، ووافقـاً علـى مـا انتهـت إليـه اللجنـة ، ولـم

٥

تابع الحكم الصادر في الاستئناف رقم : ٣٢٧/٢٠٠٩ تجاري/٣

يحضر المستأنف ضده ، رغم إخطاره ، قررت المحكمة إصدار حكمها بجلسة اليوم.

وحيث أن حكم هذه الدائرة الصادر بجلسة ٢٠٠٩/٩/١٣ قبل الاستئناف شكلاً .

وحيث أنه عن الموضوع فمن المقرر أن رأي الخبير أحد عناصر الإثبات في الدعوى ، ولمحكمة الموضوع ، أن اطمأنت إليه أن تأخذ به وتقيم عليه قضاءها متى كان للرأي الذي خلص إليه سنده من أوراق الدعوى ... لما كان ذلك وكان البين من مطالعة تقرير لجنة الخبراء الأخير والمودع في ٢٠٠٩/١٢/٢٠ أن اللجنة – وحسبما أوردت بالصفحات من السابعة الى بداية العاشرة من تقريرها – قد بحثت اعتراضات المستأنفين على ضوء المستندات المقدمة في الدعوى ثم خلصت الى النتيجة سالفة الذكر – والتي أوردتها المحكمة سلفاً ... وإذ كان لهذا الرأي الذي انتهت إليه اللجنة – سنده من أوراق الدعوى ومن ثم تأخذ المحكمة بهذه النتيجة وتجعل ذلك التقرير جزءً من أسباب حكمها هذا سيما وأن المستأنف ضده لم يمثل بشخصه أو وكيل عنه ، رغم إخطاره في ٢٠١٠/٥/١٦ (على ذات العنوان الذي أعلن بصحيفة الاستئناف عليه في ٢٠٠٩/٢/٢) وإذ كانت طلبات المستأنفين هي الحكم للشركة المستأنفة بالمبلغ الذي أظهره الجيد ، وكانت طلباتهما الختامية المبداه بجلسة ٢٠١٠/٦/٧ هي الموافقة على التقرير ... وإذ كان الحكم المستأنف قد بين تفصيلاً الأساس الذي أقام عليه قضاءه بإلزام المستأنف ضده بالمبلغ المطالب به ، ومن ثم تحيل إليه المحكمة في هذا الصدد ، وتجعل من أسبابه أسباباً مكملة لأسباب حكمها – غير أنه وفي مجال

٦





**Falcon Center For Translation & Typing**

SCIENTIFIC CONSULTATIONS-ORGANIZING CONFERENCES

مركز فالكون للترجمة والطباعة

استشارات علمية – تنظيم مؤتمرات



COURT OF COMMON PLEAS

2011 DEC 14 PM

Ministry of Justice

RECEIVED

COURT OF COMMON PLEAS

CLERK OF COURTS

TY D. HINTON

JDPX174

(Translation) (2)

KING of justice
Administrative Affairs Dot
Translation Section

The papers Translated by Falcon the officially accredited office at the Ministry of Information are certified without any liability concerning the accuracy of the translation or the document.

Head of Section Issa Hussein

Date 22 Nov 2011

No.: L000003886
Date: May 19, 2011
Page No.: 1
**PCI101**

### Certificate of Operative Part of Judgment

Court of Appeal Clerks Department hereby certifies that Lawsuit No. 327/09
Circuit: Commercial/ 03

Filed by:

Burgan Express for General Trading and Contracting Company and others

Against:

Mark Anthony Atwood in his personal capacity and in his capacity as the owner of Wolfpack Security Services .

A judgment was entered in the above lawsuit in the session dated June 14, 2010 the operative part of which is as follows:

The court ruled, in the subject matter of appeal, to amend the appealed judgment in connection with the adjudication thereof to oblige the appellee to pay the first appellant company an amount of Kuwaiti Dinars five million six hundred ten thousand three hundred sixty one and Fils one hundred fifty four, and obliged to it to pay legal expenses and attorney fees

For the judgment entered by Court of First Instance under No. 4270/ 05, in the session dated December 31, 2008

This certificate is given to the appellant, holder of Civil ID Card No. 255123000769, Power of Attorney: , upon his request.

Reviewer: Signed

For Director, Court of Appeal Clerks Department

Signed/ Sealed

FALCON

اسماء قدومي

ترجمة معتمدة

H.O.: Kuwait -Al-Salhiya - Al-Majarah Comm Center - Tel.: 22430301 - 22430302
Branch: (1) Salwa Co-Op. - Typing & Copying Branch - Telefax: 25638338
P.O.Box: 4141 Safat Code 13042 Kuwait - C.R. 33172

E-mail: falcon_translation@yahoo.com

الكتب الرئيسي-الكويت-الصالحية-مركز المجرة التجاري-تلفون ٢٢٤٣٠٣٠١-٢٢٤٣٠٣٠٢-فاكس
الفرع: (١) جمعية سلوى-ق(٨)-فرع ترجمة وطباعة وتصوير-تلفاكس ٢٥٦٣٨٣٣٨
ص.ب: ٤١٤١ الصفاة-الرمز البريدي ١٣٠٤٢-الكويت-السجل التجاري ٣٣١٧٢



I, Russell Westergard, VICE CONSUL
OF THE UNITED STATES OF AMERICA
AT KUWAIT, DULY COMMISSIONED AND
QUALIFIED, DO HEREBY CERTIFY THAT
Abdullah A. Al Hussaine WHOSE
SIGNATURE AND OFFICIAL SEAL ARE
RESPECTIVELY SUBSCRIBED AND AFFIXED
TO THE ANNEXED ORIGINAL, WAS AT
THE TIME OF SIGNING Ministry
of Foreign Affairs

Russell Westergard
Consul of The
United States Of America



L060003686
التاريخ : 2011-05-18
رقم الصفحة :
** PCI101 **
JDPX174

محكمــــــة الاستئنـــــاف

شهـــــــادة بمنطـــــوق حكـــــم

تفيد ادارة كتاب محكمة الاستئناف أن القضية رقم ٣٢٧/٠٩
الدائـــــــــــــرة : تجارى/٠٣

المرفوعـــة مـــــن
شركه برقان اكسبرس للتجاره العامه والمقاولا ت
وآخـــــــرين

ضـــــــــــــد

مارك انتونى اتوود عن نفسه وبصفته صاحب مؤسسه
ولغباك سيكورتى سيرفيس

قد صدر فيها حكم بجلسة  14-06-2010 منطوقه كالآتي :

حكمت المحكمه في موضوع الاستئناف بتعديل الحكم المستانف فيما قضى به من الزام
المستانف ضده بأن يؤدي للشركه المستانفه الاولى خمسة ملايين وستمائة وعشرة آلاف
وثلائمائه واحد وستين دينارا ومائه واربعة وخمسين فلسا والزمته المصروفات و
ثلاثين دينار امقابل
اتعاب محاماه

وذلك عن الحكم الصادر من المحكمة الكلية برقم :  ٤٢٧٠/٠٥ الصادر
بجلسة 31-12-2008 م

وقد اعطيت هذه الشهادة الى        المستانف

بطاقة مدنية        رقم        255123000769  وكالــــة :

بنـــاء طلبه

المدقـــــــق

مدير ادارة
الاستعلام القضائي - عاصمة



State of Kuwait
A07829571
نصف دينار
Half Dinar


FALCON

مجمع الوزارات - ص.ب 6 الصفاة - الرمز البريدي 13001 الكويت - تلفون 22480000 - الموقع الإلكتروني www.moj.gov.kw
محاكم الرقعي 1882200 - محاكم الأحمدي 1883300 - محاكم حولي 22650713 - 1881100

Exhibit A, Page  29 of 29