IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BURGAN EXPRESS FOR GENERAL
TRADING AND CONTRACTING CO.,**

and

**MAHMOUD MOHAMMAD ABBAS
HAJIA KHAJAH,**

      Plaintiffs,

  -VS-

**MARK ANTHONY ATWOOD,**

and

**WOLFPACK SECURITY SERVICES,
INC.,**

      Defendants.

Case No.  2:12-CV-041

Judge Marbley
Magistrate Judge King

**FIRST AMENDED ANSWER OF DEFENDANTS
MARK ATWOOD AND WOLFPACK SECURITY SERVICES**

Defendants Mark Atwood and Wolfpack Security Services, Inc. (hereinafter, "the Defendants") for their Answer to Plaintiff's Notice of Foreign Judgment, state as follows:

1. Defendants deny, for lack of knowledge, that a judgment was entered against them in any Kuwaiti court.

2. Defendants deny each and every allegation not heretofore expressly admitted to be true.

## AFFIRMATIVE DEFENSES

3.      Plaintiffs cannot enforce the alleged Kuwaiti judgment because the statute which Plaintiffs cite as authority, Ohio Revised Code §2329.023, is limited to the enforcement of judgments from sister states within the United States, not foreign countries. As this alleged judgment is from a foreign country, this case should be dismissed.

4.      Plaintiffs cannot enforce the alleged Kuwaiti judgment as it was rendered under a system which does not provide impartial tribunals or procedures that are compatible with the requirements of the due process of law.

5.      Plaintiffs cannot enforce the alleged Kuwaiti judgment because the foreign court lacked personal jurisdiction over Defendants.

6.      Plaintiffs cannot enforce the alleged Kuwaiti judgment because Defendants did not receive notice of the proceedings in sufficient time to enable them to defend.

7.      Plaintiffs cannot enforce the alleged Kuwaiti judgment because it was obtained by fraud. Upon information and belief, after Defendants prevailed in Kuwaiti Court, the case was inexplicably reopened following a sizable monetary payment to the court system. Upon information and belief, this payment was made by Plaintiff Hajia Khajah and was improper.

8.      Plaintiffs cannot enforce the alleged Kuwaiti judgment because the claim for relief on which the judgment is based, as well as its enforcement, is repugnant to the public policy of Ohio.

9.      Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

10.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, assumption of the risk, release, fraud, *res judicata* and/or latches.

WHEREFORE, having fully answered Plaintiff's Notice of Foreign Judgment, Defendants Mark Atwood and Wolfpack Security Services, Inc. respectfully request that the Notice of Foreign Judgment be dismissed at Plaintiff's cost and that the Defendant recover its costs and attorneys' fees herein expended, and that this Court grant the Defendant whatever additional relief, legal and/or equitable, to which this Court determines that the Defendant is entitled.

Respectfully submitted,

CARLILE PATCHEN & MURPHY LLP

By: */s/ H. Ritchey Hollenbaugh*
H. Ritchey Hollenbaugh (0001072)
hhollenbaugh@cpmlaw.com
Brent D. Rosenthal (0019100)
brosenthal@cpmlaw.com
Brian S. Stewart (0088240)
bstewart@cpmlaw.com
366 East Broad Street
Columbus, Ohio  43215
Tele:   (614) 228-6135
Fax:    (614) 221-0216
*Attorneys for Defendants, Mark Anthony Atwood and Wolfpack Security Services*

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that the foregoing was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, this 1st day of May, 2012.  Parties may access this filing through the Court's system.

*/s/ H. Ritchey Hollenbaugh*
H. Ritchey Hollenbaugh (0001072)